**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**KEYLI CRUTHIS, CORTNY SPURLOCK,**
**and KRISTEN WHITWORTH** **PLAINTIFFS**

**v.** **No. 4:12-cv-00244-KGB**

**VISION'S, individually and d/b/a VISIONS and/or**
**d/b/a VISIONS CABARET; MINOR BOOTH, Individually**
**and d/b/a VISIONS and/or VISIONS CABARET** **DEFENDANTS**

**ORDER**

Before the Court is plaintiffs' motion to quash subpoenas and for protective order (Dkt. No. 63). The Court conducted a telephone hearing on the motion on Tuesday, December 3, 2013. Defendants rely on arguments made at the hearing in lieu of filing a response. For the reasons that follow, plaintiffs' motion is granted in part and denied in part (Dkt. No. 63).

**I. Background**

Plaintiffs Keyli Cruthis, Cortny Spurlock, and Kristen Whitworth bring this action against defendants, Vision's, individually and d/b/a Visions and/or d/b/a Visions Cabaret, and Minor Booth, individually and d/b/a Visions and/or Visions Cabaret (collectively "defendants" or "Visions"), to recover unpaid minimum and overtime wages pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Plaintiffs are former and current exotic dancers at Visions. They allege that they were improperly classified as independent contractors, that Visions failed to pay them minimum and overtime wages, and that they were subject to certain "shift fees" and unlawful "tip-outs." The parties are in the process of completing discovery. By prior Order, the Court extended the discovery deadline through December 4, 2013, and the deadline for dispositive motions through December 19, 2013 (Dkt. No. 62).

On November 27, 2013, defendants served subpoenas seeking personnel files, transcripts, and financial documents from plaintiffs' former employers and schools. Defendants served on Saline Memorial Hospital a subpoena seeking "[t]he complete employee personnel files of former employees Kristin Whitworth and Cortney Spurlock including all applications, resignations, disciplinary actions, reviews, interviews, notes, etc." (Dkt. No. 63-1). Defendants served on the University of Arkansas at Little Rock, Arkansas Tech University, and the University of Central Arkansas subpoenas seeking "[t]he complete financial aid records; FASFA documents; applications; dates of attendance and transcripts of students Kristin Whitworth, Cortney Spurlock, Keyli Curthis and Larissa Travis."[1] (Dkt. Nos. 63-2 to 63-4). The subpoenas to Saline Memorial Hospital and the University of Arkansas at Little Rock were served by facsimile, and the subpoenas to Arkansas Tech University and the University of Central Arkansas were served by email. Plaintiffs thereafter filed the instant motion to quash the subpoenas and for a protective order to prevent defendants from making further requests for plaintiffs' employment and educational records.

**II. Legal Analysis**

Plaintiffs move to quash the subpoenas on two grounds. They argue (1) that the subpoenas were not properly served because service on a nonparty by fax or email is not sufficient under Rule 45 of the Federal Rules of Civil Procedure and (2) that the subpoenas are substantively improper because they are overbroad and seek information that is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. As an initial matter, the Court must determine whether plaintiffs have standing to move to quash the

---

[1] Ms. Travis is not a named plaintiff but filed her consent to join collective action following the Court's Opinion and Order granting conditional certification as a collective action under the FLSA (Dkt. Nos. 55, 59).

subpoenas. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles A. Wright, et al., *Fed. Prac. & Proc. Civ.* § 2459 (3d ed. 2013) (West) (collecting cases); *see also Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 4:08MC00017 JLH, 2008 WL 4853620, at *1 (E.D. Ark. Nov. 6, 2008). Courts "have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena." *Barrington v. Mortage IT, Inc.*, 07-61304-CIV, 2007 WL 4370647 (S.D. Fla. 2007) (collecting cases). The same reasoning applies to educational records. *See, e.g.*, *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 n.1 (S.D. Ohio 2011).

Defendants do not dispute that plaintiffs have standing to the extent they claim a personal right or privilege in their employment and educational records. However, defendants contend that plaintiffs do not have standing to challenge service on nonparties, which they argue is an issue to be raised by the nonparties to whom the subpoenas are directed. Defendants also state that it is common to deal directly with nonparties to agree to service of subpoenas by fax or email in lieu of stricter forms of service, which defendants represent they did in this case at least with regard to Arkansas Tech University. Defendants also distinguish the case relied upon by plaintiffs in challenging service by fax, *Firefighter's Institute for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000), as a case in which the nonparty objected to service and moved to quash the subpoena. Here, the nonparties have not objected to service and are not before the Court.

The Court finds that plaintiffs have standing to challenge the subpoenas to the extent plaintiffs claim a personal right or privilege in the documents sought. However, plaintiffs have

not cited any law that establishes their standing to challenge the subpoenas based on purported defects in service upon nonparties when the nonparty recipients of the subpoenas themselves have not objected to service. Accordingly, the Court will not quash the subpoenas based on the procedural objection as to service raised by plaintiffs. The Court will now consider plaintiffs' substantive challenges, for which they do have standing.

Rule 26 of the Federal Rules of Civil Procedure authorizes discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The parties agree generally that the main factual issues to be decided in this case will be whether plaintiffs can be considered "employees" under the FLSA and the number of hours that plaintiffs worked at Visions for which they seek damages. Plaintiffs argue that records from their former employers and universities they attended are irrelevant to these issues. Plaintiffs cite several cases in FLSA actions in other districts in which courts have determined that subpoenas for plaintiffs' entire personnel files and educational records were overly broad on their face. *See Hendricks*, 275 F.R.D. at 253-55; *Barrington*, 2007 WL 4370647, at *4-6; *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 241-42 (E.D. Va. 2012).

Defendants argue they are entitled to these records to find evidence or statements contradicting plaintiffs' testimony in this case. Specifically, they argue they should be able to discover whether plaintiffs have made statements in FASFA forms or other financial documents that they are self-employed. They also contend that the dates of enrollment or attendance in the employment and educational records may contradict the days plaintiffs claim to have worked at Visions for which they are claiming damages. Lastly, defendants make the broad argument that,

because the determination of employee classification is a fact-intensive inquiry, they should be entitled to discover whether plaintiffs were subject to any disciplinary actions by their former employers that involved fraud, which might call into doubt plaintiffs' credibility in testifying to the factual issues in this case.

Plaintiffs reply that, for the most part, the employment and educational records sought by the subpoenas predate the dates plaintiffs worked at Visions and, therefore, are irrelevant. Plaintiffs concede that their work and school schedules may be relevant to the extent their employment and / or enrollment overlap with the dates they worked at Visions, although plaintiffs claim it is highly unlikely that their daytime schedules at work or school would conflict with their shifts at Visions, which generally ran from 7 p.m. to 4 a.m. As to the FASFA forms, plaintiffs argue that any FASFA forms filled out during the relevant time period would show only the amounts plaintiffs claim they were earning; one plaintiff has already said in her deposition that she did not include her Visions income on her FASFA form. Plaintiffs also argue that any disciplinary records from former employers are inadmissible in FLSA misclassification cases. Lastly, as to credibility, plaintiffs assert that defendants have not identified any particular inconsistencies in plaintiffs' deposition testimony that could be addressed by the records sought.

After considering plaintiffs' motion and the arguments made by both sides at the hearing, the Court finds that the subpoenas are overly broad. The subpoenas are not limited to the time period at issue in this case; the dates of employment and the dates of school enrollment for the records sought do not overlap with the time period at issue in this case. As such, the subpoenas seek records that are not relevant to or reasonably calculated to lead to the discovery of admissible evidence regarding plaintiffs' credibility on the misclassification issue or their claims as to dates worked and deductions allegedly taken from their tips by defendants. Even if the

subpoenas were properly limited as to dates, plaintiffs' entire employment files and all educational records would contain information that is not relevant to or reasonably calculated to lead to the discovery of admissible evidence regarding the issues in this litigation. Defendants' overly broad request for all of these records likely will lead to the production of irrelevant and potentially confidential information, such as health, medical, and financial information. The Court does acknowledge that some of the documents and information defendants seek may be relevant or reasonably calculated to lead to the discovery of admissible evidence. Therefore, the Court grants in part plaintiffs' request to quash the subpoenas and modifies the subpoenas by limiting the scope of information defendants may seek from plaintiffs' former employers and educational institutions. The subpoenas at issue in the current motion are hereby modified in accordance with this Order. Going forward, should the need arise and should the timing of discovery in this matter permit, the Court will permit defendants to issue more limited subpoenas that seek information and documents consistent with this Order.

As to plaintiffs' educational records, the Court finds that the educational records may be relevant in terms of applications and dates of attendance or school schedules for the dates that overlap the dates plaintiffs worked at Visions that are in issue in this litigation. However, the Court determines that financial aid records and FASFA documents in plaintiffs' educational records are not discoverable. The Court further finds that transcripts and records of the grades plaintiffs received for course work are not relevant to this litigation. The Court concedes that the transcripts may be necessary as a means to verify plaintiffs' school schedules to the extent those schedules may overlap with the dates at issue in this lawsuit. If that is the case, those transcripts may be produced to verify plaintiffs' school schedules but other non-relevant, objectionable information should be redacted from those records before further use in this litigation.

Educational records that fall outside the time period plaintiffs worked at Visions that are at issue in this litigation are not discoverable.

As to plaintiffs' employment records, the Court finds that defendants have not provided a sufficient basis for this Court to allow a limitless search of plaintiffs' employment records. *See Singletary*, 289 F.R.D. at 243 ("[T]he Court will not allow Defendant to search wholesale through Plaintiff's previous employment records without first demonstrating some legitimate, good faith basis for Plaintiff's lack of credibility."); *see also Barrington*, 2007 WL 4370647, at *4. However, the Court determines that plaintiffs' work attendance records and work schedules may be relevant to the extent those schedules overlap with the dates that plaintiffs worked at Visions that are in issue in this litigation. With regard to defendants' request for records of disciplinary actions or reviews, which defendants seek to challenge plaintiffs' credibility, the Court will permit defendants to seek records of resignations, disciplinary actions, reviews, and complaints only for dates of employment that overlap the dates plaintiffs worked at Visions that are in issue in this litigation. Defendants may not discover from plaintiffs' personnel files any health or medical information, information relating to benefits, or any other information outside of attendance records, work schedules, resignations, disciplinary actions, reviews, and complaints for the time period at issue in this case.

The Court's rulings herein are limited to a determination as to what is discoverable under Rule 26 of the Federal Rules of Civil Procedure. The Court reserves all rulings as to admissibility of evidence offered by the parties in this case.

* * *

For the above reasons, plaintiffs' motion is granted in part and denied in part (Dkt. No. 63). The subpoenas at issue in the current motion are hereby modified in accordance with this Order. Going forward, should the need arise and should the timing of discovery in this matter permit, the Court will permit defendants to issue more limited subpoenas that seek information and documents consistent with this Order.

SO ORDERED this the 5th day of December, 2013.

Kristine G. Baker
United States District Judge