IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KEYLI CRUTHIS, CORTNY SPURLOCK,
and KRISTEN WHITWORTH                                                    PLAINTIFFS

v.                           No. 4:12-cv-00244-KGB

VISION'S, individually and d/b/a VISIONS and/or
d/b/a VISIONS CABARET; MINOR BOOTH, individually
and d/b/a VISIONS and/or VISIONS CABARET                                 DEFENDANTS

**ORDER**

Before the Court is plaintiffs' motion for partial summary judgment (Dkt. No. 70). Defendants, Vision's, individually and d/b/a Visions and/or d/b/a Visions Cabaret, and Minor Booth, individually and d/b/a Visions and/or Visions Cabaret (collectively "defendants" or "Visions"), have responded (Dkt. No. 81), and plaintiffs have replied (Dkt. No. 90). Also before the Court is defendants' motion for summary judgment (Dkt. No. 73). Plaintiffs have responded (Dkt. No. 79), and defendants have replied (Dkt. Nos. 85, 86). Plaintiffs' motion for partial summary judgment is denied (Dkt. No. 70), and defendants' motion for summary judgment is granted in part and denied in part (Dkt. No. 73).

Summary judgment is proper if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable jury to return a verdict for either party. *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989). However, parties opposing a summary

judgment motion may not rest merely upon the allegations in their pleadings. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party to establish that there is a genuine issue to be determined at trial. *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Plaintiffs move for summary judgment on whether they were "employees" under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and, therefore, entitled to minimum wage, that defendants purportedly were not entitled to a "tip credit" under 29 U.S.C. § 203(m), and whether defendants' alleged violations of the FLSA were willful and subject to a three-year statute of limitations. Defendants move for summary judgment, arguing that plaintiffs' claims are not covered by the FLSA, that plaintiffs' claims are time-barred, that plaintiffs are not "employees" under the FLSA, and that separate defendant Mr. Booth is not an "employer" under the FLSA.

  A.  **FLSA Coverage**

Defendants move for summary judgment, arguing that plaintiffs' claims are not covered by the FLSA because the parties are not subject to enterprise coverage. Enterprise coverage under the FLSA applies to an entity that "has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person" provided the entity's "gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A). Based on the record before it, the Court determines

there is a disputed genuine issue of material fact as to whether Visions's gross volume of sales made or business done exceeds $500,000. Defendants' motion for summary judgment asserting that enterprise coverage under the FLSA does not apply to Visions is denied.

### B. Minor Booth

Defendants move for summary judgment, contending that separate defendant Mr. Booth is not an employer under the FLSA. Under the FLSA, an employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "In determining employer status, 'economic reality' prevails over technical common law concepts of agency." *Brown v. L & P Indus., LLC*, No. 5:04CV0379JLH, 2005 WL 3503637, at *12 (E.D. Ark. Dec. 21, 2005); *see Goldberg v. Whitaker*, 366 U.S. 28, 33 (1961). Courts "have looked to factors such as the control of hiring and firing of employees, control of the manner in which work is performed, and the fixing of employee wages in determining who is the 'employer'" under the FLSA. *Dole v. Cont'l Cuisine, Inc.*, 751 F. Supp. 799, 802-03 (E.D. Ark. 1990) (citing *Wirtz v. Pure Ice Co.*, 322 F.2d 259 (8th Cir. 1963); *Fruco Const. Co. v. McClelland*, 192 F.2d 241 (8th Cir. 1951)). A corporate officer with a significant ownership interest and operational control of significant aspects of the corporation's day-to-day functions, including employee compensation, is an employer within the meaning of the FLSA. *Brown*, 2005 WL 3506367, at *12; *see Wirtz*, 322 F.2d at 262-63.

The parties dispute material issues of fact as to whether Mr. Booth had any operational control over significant aspects of Visions's day-to-day functions while he was an owner of Visions (*see* Dkt. No. 75, ¶ 52; Dkt. No. 80, ¶ 52). However, the parties do not dispute that Mr. Booth sold his interests in Visions on February 22, 2012 (*see* Dkt. No. 73-5; Dkt. No. 79, at 11-12). Defendants' motion for summary judgment as to Mr. Booth's employer status is denied,

except as to any claims arising after February 22, 2012. On the record before it, the Court grants summary judgment in favor of Mr. Booth only as to claims arising after February 22, 2012, filed against him as an employer under the FLSA.

### C. Plaintiffs' Employee Status

Plaintiffs move for summary judgment asserting that they are "employees" within the meaning of the FLSA. Defendants claim that plaintiffs are independent contractors and move for summary judgment on the basis that plaintiffs are not "employees" as defined in the FLSA. "The determination of 'employee' status under the FLSA is a question of law, although it depends on subsidiary factual determinations." *Thompson v. Linda And A., Inc.*, 779 F. Supp. 2d 139, 147 (D.D.C. 2011) (quoting *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 10 n.3 (D.C. Cir. 2001)). Employee status can be determined by the district court on a motion for summary judgment where there are no genuine disputes of material fact. *Id*.

The FLSA provides little guidance concerning the limits of the employer-employee relationship. *Marshall v. Truman Arnold Distrib. Co., Inc.*, 640 F.2d 906, 908 (8th Cir. 1981). The FLSA defines an "employee" as "any individual employed by an employer" and defines "employ" as "to suffer or permit to work." 29 U.S.C. §§ 203(e)(1), 203(g). To determine employee status, courts generally apply the "economic reality" test derived from *United States v. Silk*, 331 U.S. 704 (1947). "In determining whether an entity functions as an individual's employer, courts generally look to the economic reality of the arrangement." *Blair v. Wills*, 420 F.3d 823, 829 (8th Cir. 2005) (citing *Goldberg*, 366 U.S. at 33 ("[T]he 'economic reality' rather than 'technical concepts' is to be the test of employment" under the FLSA)). The label the parties place on the relationship is not dispositive. "Where the work done, in essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the

4

work from the protection of the Act." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 729 (1947).

Courts have examined a variety of factors to assess the "economic reality" under the FLSA, though the majority of courts analyze the following six factors: (i) the degree of control exercised by the alleged employer over the business operations, (ii) the relative investments of the alleged employer and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (vi) the degree to which the alleged employee's tasks are integral to the employer's business. *See, e.g.*, *Harrell v. Diamond A Entm't, Inc.*, 992 F. Supp. 1343, 1348 (M.D. Fla. 1997); *see* 51 A.L.R. Fed. 702, § 2 (collecting cases on the economic reality test under the FLSA).

Several courts have concluded based on facts presented to those courts that exotic dancers were employees under the FLSA, not independent contractors. *See Hart v. Rick's Cabaret Int'l, Inc.*, No. 09 CIV. 3043 PAE, 2013 WL 4822199, at *5 (S.D.N.Y. Sept. 10, 2013) (collecting cases). The Court is aware of two decisions in this district in which the courts have reached opposite conclusions. *See Hilborn v. Prime Time Club, Inc.*, No. 4:11CV00197 BSM, 2012 WL 9187581 (E.D. Ark. July 12, 2012) (finding exotic dancers were not employees under the FLSA); *Collins v. Barney's Barn, Inc., et al.*, No. 4:12CV00685 SWW (E.D. Ark. Nov. 14, 2013) (finding exotic dancers were employees under the FLSA). The Court is not aware of any precedent in the Eighth Circuit on the employee status of exotic dancers.

The Court finds that, on the record before it, there are disputed genuine issues of material fact as to whether plaintiffs are employees under the FLSA thereby precluding the Court from granting summary judgment to plaintiffs or defendants on this issue. This issue remains an issue

of law to be decided by the Court, after hearing testimony as to the disputed issues, making credibility determinations if necessary, and engaging in fact finding. On the record before it, the parties dispute numerous and significant facts corresponding to the factors considered by courts applying the economic realities test (*see* Dkt. No. 83). Viewed by the Court, these disputed facts center around three of the six factors to be examined when applying the economic reality test: (i) the degree of control exercised by the alleged employer over the business operations, (ii) the relative investments of the alleged employer and employee, and (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer. Both parties' requests for summary judgment as to the issue of plaintiffs' employee status are denied.

### D. Statute of Limitations

Both parties move for summary judgment on the appropriate statute of limitations to be applied, which turns on whether defendants' alleged violations of the FLSA were willful. The FLSA statute of limitations requires that actions for alleged violations be commenced with two years after the cause of action accrued, unless the violation was "willful," in which case the limitations period is extended to three years. 29 U.S.C. § 255(a). The parties dispute whether defendants' alleged violations were willful. The parties also dispute the dates plaintiffs worked at Visions (*see* Dkt. No. 83).

On the record before it, the Court declines to grant summary judgment to either plaintiffs or defendants on the issue of willfulness under the FLSA. There are genuine issues of material fact in dispute as to whether plaintiffs are employees entitled to minimum wage under the FLSA and whether some or all of the plaintiffs' claims are time-barred. Moreover, plaintiffs concede they have not moved for summary judgment as to liability under the FLSA. For these reasons, the parties' motions as to this issue are denied.

### E. Tip Credit

Plaintiffs move for summary judgment on their claim that defendants are not entitled to the "tip credit" against plaintiffs' minimum wages under 29 U.S.C. § 203(m). The Court declines to reach this issue. There are genuine issues of material fact as to whether plaintiffs are employees entitled to minimum wage under the FLSA and whether some or all of the plaintiffs' claims are time-barred. A ruling on whether defendants are entitled to the tip credit is premature, and this Court determines disputed genuine issues of material fact preclude it from granting summary judgment on this claim.

\* \* \*

Plaintiffs' motion for partial summary judgment is denied (Dkt. No. 70). Defendants' motion for summary judgment is granted in part and denied in part (Dkt. No. 73). Defendants' motion for summary judgment as to separate defendant Mr. Booth's liability after February 22, 2012, is granted. Defendants' motion for summary judgment is denied in all other respects.

SO ORDERED this the 24th day of January, 2014.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge