IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KEYLI CRUTHIS, CORTNY SPURLOCK,**
**and KRISTEN WHITWORTH**                                                           **PLAINTIFFS**

v.                              Case No. 4:12-cv-00244-KGB

**VISION'S, individually and d/b/a VISIONS and/or**
**d/b/a VISIONS CABARET; MINOR BOOTH, individually**
**and d/b/a VISIONS and/or VISIONS CABARET**                        **DEFENDANTS**

### ORDER

Plaintiffs filed this matter on behalf of themselves and all others similarly situated, asserting a claim under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") (Dkt. No. 24). Before the Court is plaintiffs' motion to dismiss with prejudice (Dkt. No. 99). The parties indicated by written communication with the Court that they have reached a settlement agreement in this case and request that the Court approve the settlement and rule on plaintiffs' motion to dismiss. The parties submitted the settlement agreement and general release to the Court *in camera*, and the Court has reviewed the terms of the parties' agreement.

Settlement agreements resolving FLSA claims typically are subject to court approval. *See Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *2 (N.D. Ohio Mar. 8, 2010) (citing 19 U.S.C. § 216(b)). Before approving a settlement, a court ensures that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* at *5; *Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). The Eighth Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. Other district courts have scrutinized such settlements for fairness in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

In applying these standards, the Court notes at the outset that, in this case, the parties dispute whether plaintiffs were "employees" covered by the FLSA at all. The record before the Court does not indicate how the settlement figures were calculated. However, the documents submitted *in camera* include settlement amounts and representations regarding those amounts as agreed to by all parties. For these reasons, and based upon the Court's review of other information in the pleadings filed and language in the settlement agreement and release, the Court determines that plaintiffs' recovery is reasonable to the former putative employees and furthers the implementation of the FLSA in the workplace. The Court approves the confidential settlement agreement and release in full of all claims.

The Court therefore grants plaintiffs' motion to dismiss (Dkt. No. 99), and this case is dismissed with prejudice. The release set forth in paragraph 4 of the settlement agreement shall apply to the named plaintiffs and the one opt-in plaintiff in this matter, in the manner set forth in that paragraph. The Court retains complete jurisdiction for 30 days to enforce the terms of the settlement agreement, as necessary, and to vacate this Order and to reopen the action if it is satisfactorily shown that settlement has not been completed and further litigation is necessary.

SO ORDERED this 19th day of August, 2014.

_____
Kristine G. Baker
United States District Judge